(29 Misc. Rep. 604.)

O'SULLIVAN v. NEW YORK LUMBER CORP.

(City Court of New York, General Term.   November 16, 1899.)

1. SALE—ACCEPTANCE.

There is an acceptance of lumber at the price previously named therefor, where defendant received and unloaded the same on its premises, and made no objection to the quality or measurement till two weeks later, though the defects complained of were apparent on inspection, and a mere examination would disclose them.

2. CONTRACT—CONSIDERATION.

A contract for a lower price after delivery and acceptance at a certain price is without consideration.

Appeal from trial term.

Action by Dennis O'Sullivan against the New York Lumber Corporation. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY and CONLAN, JJ.

Cephas Brainerd, for appellant.

J. Bradley Tanner, for respondent.

CONLAN, J. This is an appeal by the defendant from a judgment of this court in favor of the plaintiff, entered upon a verdict directed by the court after a trial before a jury, and from an order denying defendant's motion for a new trial. The action was brought to recover $106.37 and interest, balance claimed to be due on account of a car load of lumber shipped to the defendant by plaintiff's assignor. The defendant denied liability, excepting in the sum of $68.04, part of which was due upon another sale of goods. The answer also contained an offer of judgment in the sum of $68.04, which was not accepted. It appeared upon the trial that the defendant received the lumber in question at its premises in New York City on the 27th day of April, 1896, and made no objection to its quality or measurement until the 12th day of May following; thus allowing a period of two weeks to elapse between its receipt and any claim for reduction or otherwise, although one of defendant's witnesses testified that the defects spoken of were perfectly apparent upon inspection, and that a mere examination would disclose these defects.

It is insisted by the defendant that there was no acceptance until after the correspondence, although the defendant had unloaded the lumber upon its own premises, in the face of the fact, testified to in its behalf, that a mere examination would disclose these defects, and made no objection for a period of two weeks. Therefore we think this amounted to an acceptance of the lumber by the defendant at the price originally named for the same, and that under this branch of the case there was nothing to be submitted to the jury, and the direction by the trial judge was not error. If it be claimed that the correspondence created a new contract after delivery, there was an utter failure of consideration to support it. We have already seen that there was an acceptance of goods on the 27th day of April, 1896, when the defendant placed them upon its premises with full knowledge, and the declaration by it that a mere examination was sufficient to disclose the defects, and no objection made until two weeks thereafter. The liability of the defendant thus became fixed on the day the lumber was placed by the defendant in its yard.

We are of the opinion that, under all the circumstances, the direction of a verdict was not error, and that the judgment and order appealed from should be affirmed, with costs. All concur.